IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Robert Matthew Black, #299082 | ) | |
| a/k/a Robert M. Black, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:05-2222-HMH-JRM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Stan Burtt, Warden of Lieber | ) | |
| Correctional Institution; and NFN | ) | |
| Allen, Nurse at Lieber Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 DSC.[1] Robert Matthew Black ("Black"), a state prisoner proceeding pro se, alleges that the Defendants violated his civil rights under 42 U.S.C. § 1983. In his Report, Magistrate Judge McCrorey recommends granting the Defendants' motion for summary judgment, denying the Defendants' motion to dismiss as moot, and denying Black's motion for preliminary injunction.

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Black filed the instant § 1983 action on August 8, 2005. In his complaint, Black alleges that the Defendants have been deliberately indifferent to his medical needs by failing to provide a specific treatment for hepatitis C. On September 8, 2005, the Defendants filed a motion to dismiss. On September 22, 2005, Black filed a motion to join Dr. Walter Smith ("Dr. Smith") and Jon Ozmint ("Ozmint"), Director of the South Carolina Department of Corrections ("SCDC"), as defendants pursuant to Rule 19 of the Federal Rules of Civil Procedure. Black filed a motion for preliminary injunction on October 6, 2005, and a motion to compel on November 17, 2005. The Defendants filed a motion for summary judgment on November 21, 2005.

Black sent an amended complaint to the court on October 21, 2005. However, the "Columbia Clerk's Office" returned the amended complaint unfiled with a memorandum stating that Black did not have permission from the court to file an amended complaint. (Objections Ex. 1 (Memo from Clerk's Office).) The memorandum indicated that Black had requested permission to amend his complaint on September 22, 2006. Notably, Black's motion filed on September 22, 2006, was a motion to join parties and said nothing about amending the complaint. Magistrate Judge McCrorey denied Black's motion to join parties and motion to compel on March 29, 2006. Magistrate Judge McCrorey never ruled on a motion to amend the complaint because one was never filed.

Magistrate Judge McCrorey entered his Report and Recommendation on March 30, 2006, recommending that the court grant the Defendants' motion for summary judgment, deny the Defendants' motion to dismiss as moot, and deny Black's motion for a preliminary

2

injunction. Black filed objections to the Report and Recommendation, and a response to the Magistrate Judge's order denying his motion to join parties and motion to compel on April 13, 2006. In his objections, Black requests leave to amend his complaint and attaches the proposed amended complaint which the clerk returned to him unfiled. The court construes Black's request as a motion for leave to amend.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Black's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, Black has moved for leave to amend his complaint to assert a deliberate indifference claim against Dr. Smith and Jon Ozmint. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." HCMF Corp. v. Allen, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); see also

Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (a pro se litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action).

Construing Black's proposed amended complaint liberally, the court finds that granting Black's motion to amend would be futile. In the proposed amended complaint, Black appears to allege that Dr. Smith and Ozmint were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution by not giving him a certain treatment for hepatitis C. However, Black makes no new factual allegations that were not raised in his initial complaint. Ozmint "cannot be held vicariously liable under § 1983 for any conduct of subordinates" or any alleged failure to adequately supervise his subordinates, which allegedly caused a deprivation of rights. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

However, even assuming that Ozmint could be held responsible, as to the facts alleged, Dr. Smith and Ozmint were not deliberately indifferent to Black's medical needs. According to his medical records, Black's history of suicide attempts made him an inappropriate candidate for the SCDC hepatitis C protocol for prescribing ribavirin and interferon due to the potentially serious side effects of the medications. (Defs.' Mem. Opp'n Pl.'s Mot. Prelim. Inj. Ex. 2 (Hepatitis C Protocol) & Ex. 3 (Medical Records).) In addition, Black's hypothyroidism also bars treatment under the hepatitis C protocol. (Id. Ex. 2 (Hepatitis C Protocol) & Ex. 3 (Medical Records).)

Black apparently disagrees with the decision that he is not an appropriate candidate for this treatment. However, absent exceptional circumstances, a disagreement over treatment does not amount to deliberate indifference. "Although the Constitution does require that

4

prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (noting that "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged").  Black has not alleged exceptional circumstances.  Black has been followed by the SCDC health services and his ALT levels, which indicate his liver function, are normal.  (Defs.' Mem. Opp'n Pl.'s Mot. Prelim. Inj. Ex. 3 (Medical Records)); see Johnson v. Million, No. 02-6089, 2003 WL 1194249, at *1 (6th Cir. Mar. 7, 2003) (unpublished) (finding that prison officials were not deliberately indifferent to medical needs of prisoner with hepatitis C for failing to perform liver biopsy or prescribe interferon or ribavirin where ALT levels were normal).  As such, the court finds that the amendment of Black's complaint would be futile, and Black's motion to amend is denied.[2]  Therefore, after a thorough review of the Report and the record in this case, the court adopts Magistrate Judge McCrorey's Report and Recommendation.

---

[2]To the extent Black is seeking to assert claims under South Carolina law in his proposed amended complaint, the court declines to exercise supplemental jurisdiction over these claims.  See 28 U.S.C. § 1367(c)(3) (West 1993).  Therefore, any remaining state law claims are dismissed.

5

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, docket number 21, is granted. It is further

**ORDERED** that Black's motion for a preliminary injunction, docket number 17, is denied. It is further

**ORDERED** that the Defendants' motion to dismiss, docket number 10, is denied as moot. It is further

**ORDERED** that Black's motion to amend his complaint, is denied.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
April 20, 2006

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.